1  KATHRYN L. KEMPTON, BAR No. 173543
   JAIME K. SHEAN, BAR No. 217657
2  ASSAYAG MAUSS KEMPTON
   A Professional Law Corporation
3  2915 Redhill Avenue, Suite 200
   Costa Mesa, California 92626
4  Telephone: (714) 427-6800
   Fax: (714) 427-6888
5
   Attorneys for Plaintiff, AT&T Corp.
6

7  KENNETH P. JACOBUS, ABA# 6911036
   KENNETH P. JACOBUS, P.C.
8  310 K Street, Suite 299
   Anchorage, AK 99501
9  Telephone: (907) 277-3333
   Fax: (907) 264-6666
10 kpjlaw@yahoo.com

11

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF ALASKA**

14
   AT&T Corp., a New York            ) CASE NO. A05-269 CV
15 corporation,                      )
                                     )
16      Plaintiff,                   ) **AFFIDAVIT OF MARLA CARPER IN**
                                     ) **SUPPORT OF JUDGMENT BY COURT**
17 vs.                               ) **AFTER DEFAULT**
                                     )
18 NOOK NET, LLC, an Alaska          )
   limited liability company,        )
19                                   )
        Defendant.                   )
20 _____ )

21

22      I, Marla Carper, hereby state an oath:

23

24      1.   I am employed as a Credit Representative in the

25 Revenue Assurance Management department of AT&T Corp. ("Plaintiff" or

26 "AT&T"), the plaintiff in the within action.  I am authorized to make

27 this Declaration on its behalf in support of Plaintiff's application

28
                              -1-

1  for entry of default judgment.  Based on the business records of

2  Plaintiff, the matters set forth herein are correct to the best of my

3  knowledge, and if called upon to testify as to the matters set forth

4  in this Affidavit, I could and would competently do so.

5

6          2.   As a Credit Representative of AT&T, I have custody of

7  and control over the books and records of Plaintiff pertaining to the

8  obligations owed to AT&T by defendant NOOK NET, LLC, an Alaska

9  limited liability company ("Defendant"), and I am familiar with the

10 transactions reflected therein.  I make this Affidavit based upon my

11 knowledge of the business records of Plaintiff, which I have reviewed

12 and which this Affidavit accurately summarizes.  In my capacity as

13 custodian of records for AT&T, I can state that the records and other

14 documents in the files of AT&T, including the documents attached

15 hereto, constitute writings made in the regular and ordinary course

16 of business of AT&T at or near the time of the events or acts of

17 which they are a record.  I further state from my own knowledge that

18 each such document was prepared by persons employed by AT&T who had

19 personal knowledge of each event being recorded and who had a duty to

20 accurately record such event.

21

22         3.   Plaintiff's suit is the result of the breach of an

23 obligation under Privateline Account number 8002-018-5429 (the

24 "Privateline Account") and ARBOR Account number 2100-8506-3153 (the

25 "ARBOR Account") (collectively, the "Accounts").  In or about March

26 2000, Defendant and AT&T entered into a written agreement, consisting

27 of AT&T Master Agreement with attached AT&T Internet Transport

28

-2-

1   Services Service Order Attachment (collectively, the "2000
2   Agreement").  In or about March 2003, Defendant and AT&T entered into
3   AT&T Alascom Service Order Attachment Voice/Data Services Attachment
4   (the "2003 Agreement").  The 2000 Agreement and the 2003 Agreement
5   are hereafter collectively referred to as the "Contract."  A true and
6   correct copy of the Contract is attached hereto as Exhibit "1" and
7   incorporated herein by this reference.

8

9        4.    Defendant became indebted to Plaintiff for services
10  rendered by Plaintiff to Defendant under the Accounts.  Beginning in
11  or about August 2004, Defendant failed and refused to pay the
12  invoices for services provided by AT&T to Defendant under the
13  Accounts.  Defendant continued to fail and refuse to pay all future
14  invoices.  There is now due and owing under the Privateline Account
15  the principal sum of $88,055.41 and under the ARBOR Account the
16  principal sum of $4,485.22 for a total outstanding principal amount
17  of $92,540.63.

18

19       5.    True and correct copies of account summary
20  spreadsheets prepared by Plaintiff which summarize the amounts
21  invoiced to Defendant each month and accurately reflect the unpaid
22  monthly charges under the Accounts are attached collectively hereto
23  as Exhibit "2" and incorporated herein by this reference.

24

25       6.    The telecommunications and Internet services provided
26  by AT&T were furnished to Defendant and were accepted by Defendant

27

28

                                    -3-

1  under such circumstances as reasonably notified Defendant that AT&T
2  expected to be paid for said services.

3

4       7.   Despite demand therefore, neither the whole nor any
5  part of this sum has been paid, and there is now due, owing, and
6  unpaid from Defendant to AT&T the principal sum of $92,540.63,
7  together with interest accruing thereon from August 1, 2004, to May
8  15, 2006, in the sum of $14,966.96.  As described more fully in the
9  Application for Entry of Default Judgment, filed concurrently
10  herewith, the interest was calculated at the rate of 9 percent per
11  annum for 2 years and 287 days as follows:

12

13       $92,540.63 x 9% = $8,328.65 interest per year
14       $8,328.65 / 360 = $23.13 interest per day
15       [$8,328.65 x 1 year] + [$23.13 x 287 days] =
16       $8,328.65 + $6,638.31 = **$14,966.96.**

17

18       8.   AT&T has performed all conditions, covenants and
19  promises required to be performed by it in accordance with the
20  services provided by AT&T to Defendant.

21

22       9.   AT&T is entitled to all attorney's fees and costs
23  expended in connection with this matter, pursuant to section 2.3 of
24  the Contract, which provides that "CUSTOMER shall reimburse AT&T for
25  all costs (including reasonable attorney fees) associated with
26  collecting delinquent or dishonored payments."  As described more
27  fully in the affidavits of Jaime K. Shean and Kenneth P. Jacobus,

28

-4-

filed concurrently herewith, AT&T has been charged and is entitled to the following attorneys' fees and costs:

|   |   |   |
|---|---|---|
| a. | Filing fee | $   250.00 |
| b. | Service Fees | $    46.35 |
| c. | Attorneys' fees | $ 8,714.50 |
| **TOTAL FEES AND COSTS:** | | $ 9,010.85 |

10.  AT&T requests that judgment be entered in the principal amount of $92,540.63, plus pre-judgment interest in the amount of $14,966.96, attorneys' fees of $8,714.50, and costs of $296.35, for a total sum of $116,518.44.

Pursuant to 28 U.S.C. 1746, the undersigned certifies and declares under penalty of perjury and under the laws of the State of Arizona and of the United States of America that the foregoing is true and correct.

Executed this 18th day of May 2006, at Mesa, Arizona.

*Marla Carper*
MARLA CARPER, Affiant